Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50447 | **DATE** | 7/6/2001 |
| **CASE TITLE** | Whittaker vs. Northern Illinois University | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to remand;
Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to remand is denied but defendants' motion to dismiss is granted. Count I is dismissed in part and Counts II, III, and IV are dismissed in their entirety without prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL - 9 2001 date docketed | 20 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 7-6-01 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Susan Whittaker, filed a four-count complaint against defendants, the Board of Trustees of Northern Illinois University ("NIU"), Steven Wilhelm, Sr., and Jon Slater, in an Illinois state court. As Count I of that complaint alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., defendants removed the case to this court under 28 U.S.C. § 1441 based on federal question jurisdiction, see id. § 1331. Before the court is Whittaker's motion to remand under 28 U.S.C. § 1447(c) and defendants' motion to dismiss portions of the complaint under Federal Rules of Civil Procedure 12(b)(1), (6).

In her motion to remand, Whittaker suggests the Attorney General's representation of Wilhelm and Slater is at odds with the Illinois State Employee Indemnification Act, 5 ILL. COMP. STAT. 350/2(b), and calls into question his ability to give their consent to the removal. In the court's view, though, prying into the Attorney General's decision to represent these two defendants has little to do with deciding if removal was proper. Similarly without merit is Whittaker's argument that the notice of removal is defective because the Attorney General did not attach the summonses issued to Wilhelm and Slater. Besides being a hyper-technical defect which can be easily cured, Whittaker herself attached copies of the summonses to her motion.

Turning to defendants' motion to dismiss, Whittaker appears to allege, although it is not entirely clear, a separate claim of sex discrimination – i.e., disparate treatment – in Count I, as well as claims of sexual harassment and retaliation. NIU seeks to dismiss the disparate treatment claim as beyond the scope of Whittaker's EEOC charge. This requires the court first to consider whether the allegations in the EEOC charge are "like or reasonably related to" the allegations in the complaint. When a plaintiff alleges a theory of discrimination in her complaint different from that alleged in her EEOC charge, the two are not "reasonably related" unless the allegations in the former can be "reasonably inferred from the facts alleged in the charge. Ordinarily, a claim of sexual harassment cannot be reasonably inferred from allegations in an EEOC charge of sexual discrimination." Cheek v. Western and S. Life Ins. Co., 31 F.3d 497, 503 (7th Cir. 1994). The reverse is equally true here. Whittaker's EEOC charge is limited to two types of discrimination: sexual harassment and retaliation. In her charge, she says that, since complaining in 1990 about being "sexually harassed by male employees," she has been subjected to more "harassment and intimidation." She states she eventually had to take a leave of absence due to the "hostile work environment." After filing an "internal sexual harassment complaint," she claims her scheduled work days were changed. In contrast, Count I of Whittaker's complaint includes allegations that she was treated differently than "similarly situated male employees" by, for example, being subjected to harsher discipline and more stringent supervision. (Compl. ¶¶ 14(b), (c), (e), (g), (h)) In her complaint, Whittaker claims her treatment was the "result of a policy and practice . . . to prefer male employees for preferred positions and promotion to higher-level positions to the disadvantage of [Whittaker] . . . ." (Id. ¶ 15) No similar allegations can be found in her EEOC charge. Although she does mention in her charge that she was "unwarrantedly disciplined," this is in the context of the alleged harassment and retaliation, not because she was treated differently than similarly situated male employees. In this respect, some of the allegations in Count I could be read as simply other instances of harassment or retaliation, rather than forming the basis of a disparate treatment claim. Nevertheless, to the extent Whittaker alleges a separate claim of disparate treatment, the court finds it beyond the scope of her EEOC charge and will not allow her to proceed under that theory. See Cheek, 31 F.3d at 503; see also Cheek v. Peabody Coal Co., 97 F.3d 200, 202 (7th Cir. 1996); Noreuil v. Peabody Coal Co., 96 F.3d 254, 258 (7th Cir. 1996).

NIU also moves to dismiss Count II of Whittaker's complaint, a claim under the Illinois Human Rights Act, 775 ILL. COMP. STAT. 5/1-101 et seq. ("IHRA"), for the reason that the court lacks jurisdiction to hear independent actions for civil rights violations under the IHRA. See id. § 5/8-111(C); Talley v. Washington Inventory Serv., 37 F.3d 310, 312-13 (7th Cir. 1994). As the court agrees and Whittaker all but concedes the point, Count II is dismissed.

In the last two counts of her complaint, Whittaker alleges claims for damages based on intentional infliction of emotional distress ("IIED") against NIU, Wilhelm, and Slater (Count III) and negligent supervision against NIU (Count IV). As to NIU, these claims are barred by Illinois state rules of immunity and the Illinois Court of Claims Act, which, when taken together, oust this court of jurisdiction over any tort suit against NIU for compensatory damages. See 705 ILL. COMP. STAT. 505/8(d); Magdziak v. Byrd, 96 F.3d 1045, 1048 (7th Cir. 1996); Benning v. Board of Regents of Regency Univ., 928 F.2d 775, 777-78 (7th Cir. 1991).[1] The court also agrees with Wilhelm and Slater that Count III should be dismissed against them because the allegations of Whittaker's IIED claim are "inextricably linked" to a civil rights violation under the IHRA and the claim is, therefore, preempted by that statute. See Maksimovic v. Tsogalis, 687 N.E.2d 21, 23 (Ill. 1997). Not only does Whittaker incorporate by reference all of the allegations regarding her Title VII claims of sexual harassment, retaliation, and disparate treatment into her IIED claim, but she bases her IIED claim entirely on Wilhelm and Slater's "fail[ure] to protect [her] from the continuing sexual harassment and other offensive conduct of others . . . ." (Compl. ¶¶ 30, 31) As sexual harassment is one of the civil rights violations specified in the IHRA, see 775 ILL. COMP. STAT. 5/2-102(D), Whittaker has failed to establish a basis for imposing liability on Wilhelm and Slater "independent of any legal duties created by the [IHRA]." Maskimovic, 687 N.E.2d at 23, 24; see also Krocka v. City of Chicago, 203 F.3d 507, 516-17 (7th Cir. 2000); Jansen v. Packaging Corp. of America, 123 F.3d 490, 493 (7th Cir. 1997), aff'd on other grounds, Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).

For the reasons stated above, Whittaker's motion to remand is denied but defendants' motion to dismiss is granted in its entirety. To the extent Whittaker alleges a claim of sex discrimination based on the theory of disparate treatment in Count I, that claim is dismissed; Counts II, III, and IV are dismissed without prejudice. Should Whittaker wish to file an amended complaint, the court simply refers her to Federal Rule of Civil Procedure 15 and notes defendants have filed a "responsive pleading" only as to portions of Count I.

---

[1] This holding makes it unnecessary to address NIU's alternative argument that the Eleventh Amendment prevents Whittaker from bringing these claims against it, see Benning, 928 F.2d at 777, as well as Whittaker's rather questionable arguments that NIU has waived its Eleventh Amendment immunity.