# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50447 | **DATE** | 5/14/2002 |
| **CASE TITLE** | Whittaker vs. Northern Illinois University, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is granted in part and denied in part. Count IV of plaintiff's amended complaint and defendant Folowell are hereby dismissed. Counsel for all parties, including corporate counsel for Northern Illinois University, and plaintiff, are ordered to appear at a status hearing before Judge Reinhard on Wednesday, May 22, 2002 at 9:30 a.m.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| X | Notices mailed by judge's staff. | MAY 14 2002 |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | | date mailed notice S-14-02 |
| /LC | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

U.S. DISTRICT COURT
CLERK
02 MAY 14 PM 3:03
FILED-WD

Document Number

# MEMORANDUM OPINION AND ORDER

Plaintiff, Susan Whittaker, has filed a five-count amended complaint against defendants, Northern Illinois University Board of Trustees ("NIU"), Thomas Folowell, Steve Wilhelm, and Jon Slater. Relevant to this order are Counts IV and V, in which Whittaker seeks to hold these defendants liable under 42 U.S.C. § 1983 for alleged violations of her federal statutory and constitutional rights. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391, and 42 U.S.C. § 2000e-5(f)(3). Before the court is defendants' motion to dismiss Counts IV and V, presumably filed pursuant to (although defendants do not specify) Federal Rules of Civil Procedure 12(b)(1) and (6).

As Count IV is brought solely against NIU as a "body politic" under § 1983 and seeks "compensatory damages, including pain and suffering, and punitive damages" (Am. Compl. ¶ 27), NIU argues this claim is barred by the Eleventh Amendment. Although the Supreme Court's recent opinion in Lapides v. Board of Regents of the University System of Georgia, 535 U.S. --, No. 01-298, 2002 WL 970637 (May 13, 2002), forecloses this argument (NIU removed this case from state to federal court), a separate reason – one not raised by the parties – mandates the dismissal of Count IV. Because NIU is an arm of the state, see Osteen v. Henley, 13 F.3d 221, 223-24 (7th Cir. 1993), and because a state is not a "'person' against whom a § 1983 claim for money damages might be asserted," Lapides, slip op. at p. 3 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989)), that portion of Count IV seeking money damages against NIU cannot stand. Nor does Whittaker's request for injunctive relief elsewhere in her complaint help because she has sued NIU only as an entity; obtaining prospective relief against NIU (i.e., the state) would require her to sue an appropriate NIU officer in his or her official capacity, something she has not done. See Will, 491 U.S. at 71 n.10 (citing Ex Parte Young, 209 U.S. 123 (1908), for proposition that a state official, when sued for injunctive relief, is a "person" under § 1983); Lett v. Magnant, 965 F.2d 251, 255 (7th Cir. 1992) (raising sua sponte issue that state is not a "person" under § 1983 and cannot be sued in its own name for either equitable or monetary relief and explaining that same reasoning applies to arms of the state and state agencies as well).

Although rather confusing and poorly pled, Whittaker clarifies in her response brief that Count V is a § 1983 claim against Folowell, Wilhelm, and Slater for violating her "clearly established" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Fourteenth Amendment. These defendants argue this count, and all three of them along with it, must be dismissed because it was filed after the statute of limitations ran out and it does not fit within the scope of Rule 15(c)'s "relation back" doctrine. According to Whittaker's complaint, the latest possible date giving rise to a cause of action against these defendants would have been October 6, 1999, the date Whittaker learned her job had gone "up for bid." (Am. Compl. ¶ 14(h); Am. Compl. Exh. A) The statute of limitations on her § 1983 claims thus would have expired two years later on October 6, 2001. See Henderson v. Bolanda, 253 F.3d 928, 931 (7th Cir. 2001).

As for Folowell, it is undisputed Whittaker named him as a defendant for the first time in her amended complaint, which she filed on January 10, 2002 – more than three months after the statute of limitations had run out. But Whittaker admits she accused Folowell, albeit by his title rather than by name, in the body of both her EEOC charge of discrimination and original complaint of "harassment and intimidation." (Pl. Resp., p. 3) She goes on to say she sufficiently alleged Folowell's involvement in the supposedly unlawful discrimination in her original complaint to put him on notice of that claim. (Id., pp. 3-4). Because it is thus obvious that Whittaker knew all along of Folowell's "role and existence" in the complained-of conduct, but simply chose not to sue him in her original complaint, Rule 15(c)(3) does not allow her to "relate back" her claim against Folowell. See Nelson v. Adams USA, Inc., 529 U.S. 460, 467 n.1 (2000); see also King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 914 (7th Cir. 2000) (Rule 15(c)(3) does not allow a plaintiff to add a new defendant by amendment after the limitations period has run when the plaintiff does not merely make a mistake in suing the wrong party but fails altogether to identify the proper party); Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998) (same); Worthington v. Wilson, 8 F.3d 1253, 1256-57 (7th Cir. 1993) (same). The court also rejects Whittaker's argument that the statute of limitations should be equitably tolled as to Folowell for largely the same reason. While claiming she adequately pled enough facts to state a claim against Folowell in her original complaint, Whittaker nevertheless insists at the same time that she was unable, despite due diligence and through no fault of her own, to obtain information essential to bring suit against Folowell. (Pl. Resp., p. 4) Whittaker cannot have it both ways. The fact is that she did have enough information to sue Folowell when she initially filed suit, as evidenced by the allegations of her EEOC charge and original complaint, but simply decided not to.

Wilhelm and Slater are a little trickier, but the court finds Whittaker may "relate back" her claim against these two defendants under Rule 15. It is undisputed Whittaker named Wilhelm and Slater as defendants in her original complaint, which was filed within the statute of limitations. In a previous minute order dated July 6, 2001, however, this court dismissed Count III of Whittaker's original complaint – the sole count brought against these two defendants. From this Wilhelm and Slater suggest Whittaker has "effectively added new Defendants to her lawsuit" by "again naming them" in her amended complaint. (Def. Memo., p. 7) They further argue that, because Whittaker has not satisfied the "mistake" requirement of Rule 15(c)(3) for adding new parties by amendment, she cannot "relate back" her new claim against them for the same reason she cannot do so as to Folowell. The court disagrees. First, both Wilhelm and Slater were named as defendants in Whittaker's original complaint, so they are not "new" parties, and have in fact already been served. Second, Count III of Whittaker's original complaint was dismissed without prejudice. Third, the court's previous minute order did not dismiss the case in its entirety, just certain portions of it, so no final judgment was ever entered. For all of these reasons the court finds Rule 15(c)(2), not Rule 15(c)(3), provides the proper framework for deciding the "relation back" question as to Wilhelm and Slater. And because it is undisputed Count V of Whittaker's amended complaint arises out of the "conduct, transaction, or occurrence set forth . . . in the original pleading," Fed. R. Civ. P. 15(c)(2), that count as it pertains to Wilhelm and Slater relates back to Whittaker's original complaint.

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part. Count IV and defendant Folowell are hereby dismissed.