# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50447 | **DATE** | 3/12/2004 |
| **CASE TITLE** | WHITTAKER vs. NIU BOARD OF TRUSTEES, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's objections to the magistrate judge's orders are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3-12-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Susan Whittaker, filed objections to an order of the magistrate judge entered December 30, 2003, denying plaintiff's motion to strike defendants'( Board of Trustees, Northern Illinois University, Steven Wilhelm, Sr., and Jon Slater) affirmative defenses one and two and to bar evidence on affirmative defense three. She also filed objections to the magistrate judge's order of January 7, 2004, denying her motion for sanctions. Plaintiff purports to bring these objections pursuant to Fed. R. Civ. P. 72 (b) but Rule 72 (b) applies only to recommendations by a magistrate judge on a pretrial matter dispositive of a claim or defense assigned to the magistrate judge without consent of the parties. Neither of the orders entered by the magistrate judge are dispositive of a claim or defense. Instead, these objections are governed by Rule 72 (a) which concerns nondispositive pretrial matters.

A magistrate judge's ruling on a nondispositive pretrial matter may be reconsidered only if clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); U.S. v. Brown, 79 F.3d 1499, 1503 (7th Cir.), cert. denied, 519 U.S. 875 (1996). The magistrate judge concluded the motion to strike the first two affirmative defenses was untimely because it was filed 17 months after the answer containing them was filed rather than within 20 days as required by Rule 12 (f). A review of the record discloses this decision was not clearly erroneous. Additionally, these affirmative defenses actually only assert that plaintiff cannot prove discrimination or retaliation because they did not occur. Plaintiff has to prove these facts whether there is an affirmative defense challenging them or not. As to the request to bar testimony on the third affirmative defense for failure to disclose, the magistrate judge concluded plaintiff was in actual possession of the materials she claimed had not been disclosed. Again, the record does not require a finding that the magistrate judge's decision was clearly erroneous. The court is not "left with the definite and firm conviction that a mistake has been made" and therefore cannot overturn the magistrate judge's rulings. Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

Plaintiff also objects to the magistrate judge's January 7, 2004, order denying her request for sanctions due to problems concerning the deposition of Tammy Piercy and a motion for sanctions filed by defendants. The magistrate judge has a much higher familiarity with the parties and the conduct of discovery than does this court. The magistrate judge analyzed the requests for sanctions and reviewed the issues related to Ms. Piercy's deposition and entered an order resolving those issues. It cannot be said that a decision not to sanction defendants was clearly erroneous. Sanctions are not mandatory and it cannot be said that the magistrate judge definitely made a mistake. See Weeks, 126 F.3d at 943.

For the foregoing reasons, plaintiff's objections to the magistrate judge's orders are denied.