Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50447 | **DATE** | 9/27/2004 |
| **CASE TITLE** | SUSAN WHITTAKER vs. NORTHERN ILLINOIS UNIVERSITY, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the parties' motions to strike are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | |
| ✓ Notices mailed by judge's staff. | |
| Notified counsel by telephone. | |
| Docketing to mail notices. | |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | |

number of notices

9-29-04
date docketed

docketing deputy initials

9-28-04
date mailed notice

**Document Number**

113

/SEC   courtroom deputy's initials

mailing deputy initials

Date/time received in central Clerk's Office

# MEMORANDUM OPINION AND ORDER

Plaintiff, Susan Whittaker, brings this action against defendants, Northern Illinois University Board of Trustees ("NIU"), Thomas Folowell, Steve Wilhelm and Jon Slater seeking relief under 42 U.S.C. §1983 and 42 U.S.C. § 2000e-5 ("Title VII"). Plaintiff is a former building services employee of NIU. She has moved for partial summary judgment and defendants have moved for summary judgment. Plaintiff moves to strike the affidavits of Lewis T. Morelock and Robert Albanese submitted by defendants in opposition to plaintiff's motion for partial summary judgment because defendants did not disclose Morelock and Albanese in the joint Fed. R. Civ. P. 26(a)(1)(A) disclosure. Defendants move to strike portions of plaintiff's LR 56.1(b)(3)(B) statement of additional facts for various reasons discussed below. This order addresses the parties' motions to strike.

Plaintiff argues the affidavits should be stricken as a sanction for nondisclosure pursuant to Fed. R. Civ. P. 37 (c)(1). The sanction of exclusion under Rule 37(c)(1) is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998); see also Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1995). The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court. Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F.3d 1353, 1363 (7th Cir. 1996). However, the following factors are relevant: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003) (citing Bronk v. Ineichen, 54 F.3d 425, 428 (7th Cir. 1995)).

The exclusion sanction is not warranted. Plaintiff was aware that both Morelock and Albanese possessed information relevant to the case. She disclosed Morelock and Albanese herself as possessors of information relevant to the case in her own Rule 26 (a) (1) (A). disclosures. She could not have been surprised by their affidavits.

Further, there is no evidence of bad faith or willfulness on the part of the defendants' in not supplementing their Rule 26(a) disclosure. The Advisory Committee Note regarding Rule 37(c)(1) states: "limiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: e.g. the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties [or] the failure to list as a trial witness a person so listed by another party." See Fed. R. Civ. P. 37(c)(1) Advisory Committee's note to 1993 Amendment. Defendants' failure to list Mr. Morelock and Mr. Albanese in their Rule 26(a) disclosure was harmless. Plaintiff's motion to strike is denied.

Defendants move to strike certain paragraphs of plaintiff's LR 56.1 (b) (3) (B) statement as inadmissible for the following reasons: immateriality (¶ 4), hearsay (¶ 5), duplication (¶ 6), vagueness (¶ 7), lack of foundation (¶ 8), improper speculation (¶ 9) and mischaracterized testimony (¶ 10). However, defendants present no substantive arguments in support. Even considering defendants' LR 56.1 (a) reply to plaintiff's additional facts (which is referenced in the defendants' motion to strike), defendants' have mainly made conclusory statements that a particular fact should be stricken without further arguments. The motion to strike these paragraphs is denied.

The facts which defendants challenge as hearsay, merit further discussion. Plaintiff argues that the challenged facts are based on party-opponent admissions by agents of defendants and therefore not hearsay. Fed. R. Evid 801(d)(2)(D). There is no requirement that admissions by a party-opponent be inculpatory. United States v. McGee, 189 F.3d 626, 631 (7th Cir. 1999). The subject matter of the admission may concern any matter within the employee's job description and scope of employment. Aliotta v. Nat'l R.R. Passenger Corp., 315 F.3d 756, 761-762 (7th Cir. 2003). Plaintiff claims that defendants have discriminated against her in the course of her employment. The challenged facts are based on statements of deponents who are employees of NIU, Schlarb, Dvorak, Wilhelm and Folowell. The statements relate to occurrences and incidents that took place within the deponents/declarants scope of employment with NIU and are admissible under Rule 801(d)(2)(D). Defendants' motion to strike based on hearsay is denied.

For the foregoing reasons, the parties' motions to strike are denied.