Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50447 | **DATE** | 9/27/2004 |
| **CASE TITLE** | SUSAN WHITTAKER vs. NORTHERN ILLINOIS UNIVERSITY, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. Plaintiff's motion for partial summary judgment is accordingly denied. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 9-29-04 date docketed | 114 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | | 9-28-04 date mailed notice | |
| /SEC | courtroom deputy's initials | 2004 SEP 28 PM 2:56 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Susan Whittaker, a former building services worker for defendant, Northern Illinois University Board of Trustees ("NIU"), filed a first amended complaint against NIU, Steve Wilhelm and Jon Slater seeking relief under 42 U.S.C. §1983 ("Section 1983") and 42 U.S.C. § 2000e-5 ("Title VII").[1] Counts I through III are Title VII claims against NIU for allowing and not remedying a sexually hostile work environment, for retaliation against plaintiff for opposing NIU's violations of Title VII and her filing of charges for such violations. Plaintiff also argues disparate treatment. Count V is a Section 1983 claim against Wilhelm and Slater for violating, under color of state law, plaintiff's right to be free from sexual harassment and retaliation. Defendants move for summary judgment on all claims and plaintiff moves for partial summary judgment against Slater on Count V.

Plaintiff does not present either direct or circumstantial evidence of disparate treatment that would allow her to proceed under the direct method of proof so she must proceed under the indirect method set out in McDonnell Douglas Corp. v. Green, 411 U.S.792 (1973).[2] Under the indirect method, plaintiff must establish a prima facie case of disparate treatment by showing that (1) plaintiff is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated male employees. Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002).

Plaintiff has no evidence to satisfy the fourth prong of the McDonnell Douglas approach. Plaintiff must have evidence that similarly situated male employees were treated more favorably than her. Patterson, 281 F.3d at 680. To meet the burden of demonstrating that another employee is 'similarly situated,' plaintiff must show that there is someone who is directly comparable to her in all material respects Id. Plaintiff lists several male employees and describes the various disciplinary measures that were taken against them, ranging from verbal warnings to 10-day suspensions. Plaintiff argues that several male employees had disciplinary measures for absence/tardiness rescinded because they had not reached the appropriate disciplinary level (6th occurrence level and above) in the Building Services Absence/Tardy Policy. Plaintiff claims that this provides evidence of sex discrimination because she was only at the 2nd occurrence level when she was suspended. The reason for plaintiff's suspension was "insubordination and continued failure to follow supervisory/departmental guidelines and workplace practices" and not absence or tardiness. This is a material difference between the situations raised by plaintiff and her actual situation. She was not similarly situated to the employees who had their disciplinary measures revoked. The occurrence level of plaintiff was irrelevant because she was not suspended for absence/tardiness. The record bears this out. For example, tendered with Plaintiff's Local Rule 56.1 Statement is a letter describing the circumstances under which employee Fred Johnson was given a 3-day suspension for sleeping on the job (Request for Admission No. 9, Tab 2 to Plaintiff's LR 56.1 Statement). No reference appears to have been made to Fred Johnson's current occurrence level for absence because he was not being penalized for being absent or tardy. The same goes for employee Paul Erdman's 10-day suspension for loitering in front of a computer and in the lounge (Admission No. 10, Tab 2 to Plaintiff's LR 56.1 Statement). Once again, no reference was made to the absences/tardiness occurrence level because the discipline did not concern absence/tardiness. Plaintiff does not provide any evidence that male employees accused of insubordination or who failed to follow guidelines had their disciplinary suspensions revoked. Plaintiff has not shown she was treated differently from male employees who were similarly situated.

For plaintiff to prevail on her hostile work environment claim, she must establish that (1) she was subjected to unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature; (2) the conduct was severe or pervasive enough to create a hostile work environment; (3) the conduct was directed at her because of her sex; and (4) there is a basis for employer liability. Rhodes v. Ill. Dept. of Trans., 359 F.3d 498, 505 (7th Cir. 2004). Plaintiff can succeed on the harassment claim only if she can show that the harassment was both subjectively and objectively so severe or pervasive as to alter the conditions of her employment and create an abusive working environment. Wyninger v. New Venture Gear, Inc., 361 F.3d 965, 975-976 (7th Cir. 2004). To determine if the environment is objectively hostile, the court will consider all the circumstances including the frequency and severity of conduct, whether it is threatening and/or humiliating or merely offensive, and whether the harassment unreasonably interferes with an employee's work. Id. Plaintiff alleges that she was referred to as "blondie", "dumb cunt" and "stupid bitch" by defendants. However, plaintiff does not claim that defendants were calling her derogatory terms to her face. There is no evidence that she was aware at the time that the defendants were calling her names. She also alleges that Slater one time asked her to join him on his boat for "a weekend of drinking and other things." There is no evidence of any other such proposition. The evidence shows offensive conduct. It does not show conduct that was frequent, severe, threatening or humiliating See id. Plaintiff's hostile environment claim fails.

Plaintiff claims defendants retaliated against her. This claim is rather muddled. It seems she may be claiming she was subject to disparate treatment for failing to succumb to Slater's proposition about joining him on his boat. If she is, her claim fails as discussed above for lack of evidence of a similarly situated male employee having been treated more favorably. Alternatively, she may be saying she was retaliated against for filing complaints with NIU, the United States Equal Employment Opportunity Commission and/or the Illinois Department of Human Rights. Title VII prohibits an employer from discriminating against an employee because that employee has opposed any practice deemed unlawful under the Act. 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, plaintiff may use either the direct method or indirect method. Rhodes, 359 F.3d at 508. Plaintiff presents no direct evidence that she was given the 3-day suspension because she filed the complaints, so, she must proceed under the indirect method. Id. Plaintiff presents no evidence that a similarly situated employee who did not file a complaint was treated more favorably than her. In fact, it appears from the record that other janitors also received suspensions for various disciplinary infractions (not related to absence or tardiness). Plaintiff's retaliation claim fails.

Plaintiff also asserts a Section 1983 claim. Section 1983 does not create substantive rights, but rather provides a remedy for violations of pre-existing rights. Johnson v. University of Wisconsin-Eau Claire, 70 F.3d 469, 481 (7th Cir. 1995). Section 1983 claims must specifically allege a violation of the Constitution or "laws" of the United States. Id. Plaintiff's claim under Section 1983 can be best characterized as being brought under the equal protection clause of the Fourteenth Amendment for sex discrimination. The same standards for proving intentional discrimination apply to Title VII and Section 1983 equal protection claims. Williams v. Seniff, 342 F.3d 774, 788, n.13 (7th Cir. 2003). Because her Title VII claims fail her Section 1983 claim does also.

For the foregoing reasons, defendants' motion for summary judgment is granted. Plaintiff's motion for partial summary judgment is accordingly denied. This case is dismissed in its entirety with prejudice.

---

[1] Count IV has previously been dismissed as has another defendant, Thomas Folowell.

[2] While plaintiff argues Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), changes the McDonnell Douglas analysis, the use of the McDonnell Douglas approach has not been changed. E.g. Hudson v. Chicago Transit Auth., 375 F.3d 552 (7th Cir. 2004).